UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GYANESHWAR BALKISSOON,

    Petitioner,

v.                                    CASE NO. 6:06-cv-1910-Orl-31DAB

JAMES R. MCDONOUGH, et al.,

    Respondents.

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Petitioner filed a reply to the response (Doc. No. 12).

Petitioner alleges two claims for relief in his habeas petition: one claim of ineffective assistance of counsel, which includes five subparts, and one claim that the state trial court erred by failing to instruct the jury on a lesser-included offense.

*I.     Procedural History*

Petitioner was charged by information with one count of sexual battery of a physically helpless person. After a jury trial, Petitioner was found guilty as charged. The state trial court sentenced Petitioner to a ten-year term of imprisonment to be followed by ten years of sexual

offender probation. Petitioner filed an appeal, and the Fifth District Court of Appeal of Florida *per curiam* affirmed.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. The state trial court denied the motion, and the state appellate court *per curiam* affirmed.

## II.     Legal Standards

### A.     Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.     *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted), *cert. denied*, 514 U.S. 1131 (1995). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. Analysis

#### A. Claim One

##### i. Issue A

Petitioner asserts that counsel rendered ineffective assistance by failing to move to strike two jurors for cause or to use a peremptory challenge to excuse them. Petitioner maintains that the responses provided during voir dire by jurors McGuire and Wassum indicated that they were unable to serve as fair and impartial jurors. In support of this claim, Petitioner relies on juror McGuire's

statement that "[h]is son had a drug charge, some things about (the disposition) were bad, and he was not sure if that incident with his son would unduly influence him in the instant case. . . ." and his indication that he was indirectly involved with a molestation case. (Doc. No. 1 at 8-9.) With respect to juror Wassum, Petitioner relies on his response that "[h]e was not real comfortable himself with testimony that may be utilized in the case, that he 'believed' he could be fair and impartial in determining the case based on the evidence, and that he 'believed' he could listen to the evidence that's presented and make a decision." *Id.* at 9.

Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief. (App. P at 2.) The state court noted that juror McGuire "did give some equivocal responses indicating that he did not know whether he could be fair or impartial." *Id.* However, juror McGuire's responses to defense counsel's voir dire demonstrated that he would be a potentially favorable juror for the defense. *Id.* With respect to juror Wassum, the state court found that he did indicate that he was uncomfortable with the subject matter of the case, but that his answers indicated that he could be fair and impartial. *Id.* at 3. Furthermore, the state court reasoned that "[a]t the conclusion of voir dire, neither [McGuire nor Wassum] expressed an inability to render a fair and impartial verdict." *Id.* at 2-3.

"Prospective jurors are presumed impartial; the challenger to that presumption bears the burden of proving bias, and a conclusory statement that the jurors were biased is insufficient. To maintain a claim that a biased juror prejudiced him, a petitioner must show that the juror was actually biased against him." *Diaz v. Sec'y For Dept. of Corr.*, 2006 WL 3469522, at *4 (S.D. Fla. 2006) (citing *Smith v. Phillips*, 455 U.S. 209 (1982)). Thus, to establish a claim of ineffective

assistance of counsel based on the failure to challenge a biased juror, the petitioner must establish that the juror was actually biased.

In the instant case, Petitioner has not shown that either juror McGuire or Wassum was biased against him. In fact, as recognized by the state court, juror McGuire's responses during voir dire indicated that he would potentially be a favorable juror for the defense. Moreover, juror Wassum's statement does not reflect juror bias or impartiality. As such, Petitioner has not established either deficient performance or prejudice. Thus, Petitioner has not established that the state courts' determination was either contrary to, or an unreasonable application of, federal law or an unreasonable determination of the facts; and this issue is denied pursuant to § 2254(d).

### ii.    Issue B

Petitioner asserts that trial counsel rendered ineffective assistance by failing to move to suppress portions of his confession on the basis that the *Miranda*[2] warning was constitutionally deficient. Petitioner maintains that the *Miranda* warnings which he received when he was placed under arrest were inadequate because they failed to inform him that he had a right to an attorney before any further questioning and that if he could not afford an attorney he had the right to a court-appointed attorney during questioning.

Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief pursuant to *Strickland*. (App. P at 3-4.) The appellate court *per curiam* affirmed.

*Miranda* requires that defendants must be advised of their Fifth Amendment right to remain silent. *See United States v. Muhammad*, 196 Fed. Appx. 882, 885 (11th Cir. 2006). Thus,

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

> [p]rior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning.

*Miranda*, 384 U.S. at 444-45.

The record reflects that after Petitioner's arrest, he was instructed:

> You have the right to remain silent. Anything you say can and will be used against you in a court of law. *You have the right to talk to a lawyer and to have him present with you while you are being questioned. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning if you wish one.*

(App. B at 352) (emphasis added). Petitioner indicated that he understood these rights. *Id* at 353. Based on the record, Petitioner's allegation that his *Miranda* warning was deficient is directly refuted. Thus, trial counsel was not deficient for failing to move to suppress Petitioner's statements on this basis nor was Petitioner prejudiced by counsel's failure to do so. Accordingly, this issue is denied pursuant to § 2254(d).

### iii. Issue C

Petitioner asserts that trial counsel rendered ineffective assistance by arguing the incorrect standard of law when objecting to the admission of his video-taped confession. In support of this claim, Petitioner asserts that counsel should have objected to the admission of his statement because Florida law requires a showing of trustworthiness before such statements may be admitted in sexual battery cases.

Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief applying *Strickland*. (App. P at 5-6.) The state court determined that counsel did not argue the

wrong standard when objecting to the admission of Petitioner's statements. The state court reasoned that

> [t]he amendment to § 92.565(2), Florida Statutes, provides that a defendant's confession may be admissible so long as the court finds in a hearing outside the presence of the jury that the confession was trustworthy. However, the trustworthiness finding was not necessary in the instant case, because the corpus delicti obviously existed. Witnesses Robert Treasure and Heather Wright testified that they observed [Petitioner] fondling the victim and moving up and down on top of the victim, whose legs were spread apart. Their accounts were reasonably consistent with [Petitioner's] confession. Therefore, counsel had no basis to object based upon § 92.565.

(App. P at 5-6.) (citation omitted).

Petitioner has not established that the state court's determination was contrary to, or an unreasonable application of, federal law. The record supports the state court's determination. Accordingly, this issue is denied pursuant to § 2254(d).

### iv.     *Issue D*

Petitioner asserts that trial counsel rendered ineffective assistance by not objecting to the trial court's failure to instruct the jury on the lesser-included offenses of sexual battery and battery. In support of this claim, Petitioner contends that counsel failed to fully inform him of these lesser-included offenses or to advise him of the consequences of waiving the jury instructions on them.

Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief pursuant to *Strickland*. (App. P at 6.) The state court reasoned that Petitioner acknowledged that counsel spoke with him and believed that Petitioner did not want instructions on these lesser-included offenses. *Id.* The state court further noted that trial counsel objected to the instruction on the lesser-included offense of attempted sexual battery because the defense's theory was that either Petitioner completed the offense of sexual battery of a physically helpless person or no offense

existed. *Id.* Despite trial counsel's objection, the trial court instructed the jury on attempted sexual battery. *Id.* The state court noted that Petitioner was present during all of the discussions regarding the lesser-included offenses. *Id.*

In considering a claim of ineffective assistance of counsel based on failure to request a lesser-included offense instruction, the Eleventh Circuit Court of Appeals held that the petitioner's:

> assertions that he would have been convicted of the lesser included offense, as opposed to the greater offense, are pure speculation - speculation both that the state trial court would have decided to instruct the jury on the lesser included offense and that the jury, if instructed on the lesser included offense, would have convicted on it instead of the higher offense. That speculation is insufficient to undermine our confidence in the outcome of his trial.

*Harris v. Crosby*, 151 Fed. Appx. 736, 738 (11th Cir. 2005). Like *Harris*, Petitioner's allegation that had the jury been instructed on the lesser-included offenses of sexual battery and battery, the outcome of the trial would have been different, is not sufficient to demonstrate that a reasonable probability exists that the outcome of the trial would have been different. The evidence admitted at trial established that the victim was incapacitated, that Petitioner was fondling the victim's vagina and had his body between her legs moving up and down, that his penis was at some point out of his pants, and his semen was found on the victim's panties. Moreover, Petitioner's statements to the police were admitted wherein he indicated at various times that he had sex with the victim and that he placed his penis in contact with her vagina. This evidence was clearly sufficient to support the jury's verdict. Accordingly, this issue is denied pursuant to § 2254(d).

    *v.    Issue E*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to timely file a pre-trial motion to suppress his video-taped confession/statement. Although trial counsel objected

9

to the admission of Petitioner's statement at trial, Petitioner maintains that counsel should have filed a motion to suppress prior to trial.

Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief pursuant to *Strickland*. (App. P at 7.) The state court reasoned that the trial court did not indicate that it denied the defense's objection to the admission of Petitioner's statement on the basis that it was not timely filed. *Id*. The state court further determined that there was no reasonable probability that a motion to suppress would have been granted even had it been filed. *Id.*

As noted *supra*, defense counsel objected to the admission of Petitioner's video-taped confession. Moreover, the trial court considered the objections to Petitioner's confession outside of the presence of the jury. Nothing in the record indicates that the trial court overruled the objection to the admission of Petitioner's statement because it was not timely. Moreover, Petitioner has not demonstrated that a reasonable probability exists that a motion to suppress the statement would have been granted had it been filed prior to trial. Accordingly, this issue is denied pursuant to § 2254(d).

### B.   *Claim Two*

Petitioner asserts that the state court violated his constitutional rights by failing to ensure that he waived his right to have the jury instructed on the lesser-included offenses. Petitioner contends that the trial court failed to conduct a colloquy on the record to ascertain whether Petitioner knowingly and voluntarily waived the instructions.

Petitioner raised this claim in his Rule 3.850 motion, and the state court determined that it was procedurally barred. (App. P at 7.) The state court found that the claim should have been raised on direct appeal. *Id.*

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[3] or (2) are not exhausted but would clearly be barred if returned to state court.[4] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, the federal courts may not address claims that have not been presented in the state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[5]

However, there are two exceptions to the procedural default bar. First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir.1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.

---

[3] *Harris v. Reed*, 489 U.S. 255 (1989).

[4] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment 'clearly and expressly' state that its judgment rests on a procedural bar.").

[5] Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.), *cert. denied*, 513 U.S. 1061 (1994).

*Henderson*, 353 F.3d at 892 (citations omitted). The second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id*.

Claim two was raised in Petitioner's Rule 3.850 motion, but was determined by the state courts to be procedurally barred. Thus, this claim is procedurally barred in this Court because the last state court rendering a judgment in Petitioner's case clearly and expressly stated that its judgment rested on the procedural bar. *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990) ("[P]er curiam affirmance of the trial court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal court."). Moreover, Petitioner has not established the application of either of the exceptions to the procedural default bar.[6] Therefore, claim two is procedurally barred.

### IV.  Conclusion

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1, filed December 18, 2006) filed by Gyaneshwar Balkissoon is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

---

[6] In his reply, (Doc. No. 12), to the response to the petition, Petitioner concedes that this claim was not exhausted in the state courts. As such, Petitioner asks the Court for leave to amend the petition. However, Petitioner does not indicate how he would amend the petition, but implies that he would assert actual innocence. The Court finds that no basis exists to permit Petitioner to amend his petition. Any claim of actual innocence would be unavailing given the evidence presented at trial. Accordingly, Petitioner's request to amend the petition is denied.

    2.    The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 3rd day of January, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 1/3
Counsel of Record
Gyaneshwar Balkissoon